# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ROBERT BOBAY,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | CASE NO.: 2:24-cv-00657<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff, ROBERT BOBAY sues defendant, JP MORGAN CHASE BANK, N.A. for injunctive relief and damages arising from claims under the Fair Debt Collection Practices Act, Florida Consumer Collection Practices Act, and Fair Credit Reporting Act.  Plaintiff states and alleges as follows:

## JURISDICTION AND VENUE

  1. Plaintiff, ROBERT BOBAY ("Bobay") is a natural person who resides in Lee County, Florida. Plaintiff is allegedly obligated under a debt and therefore is a consumer as defined in 15 USC § 1692a(3).

  2. Defendant, JP MORGAN CHASE BANK, N.A. ("Chase") is national bank whose principal address is 111 Polaris Pkwy Columbus OH 42340.  Chase is registered to do business in the State of Florida, and is a creditor as defined in 15 USC § 1692a(4).

3. Pursuant to Florida Statute § 48.193, Florida has personal jurisdiction over Chase, under the Florida Long Arm Statute, on the grounds that at all times material to the complaint, it was operating, conducting, engaging in, or carrying on a business or business venture in this state and had an office or agency in the state.

4. Venue is proper in the Middle District of Florida, Fort Myers Division, on the grounds that it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5. Subject matter jurisdiction is proper under 28 USC § 1331, on the grounds that the claims in part arise under the laws of the United States.

6. Pursuant to 28 U.S.C § 1367, the District Court has supplemental jurisdiction over claims arising under Florida state law on the grounds that the state law claims are so related to claims in the action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ALLEGATIONS COMMON TO ALL COUNTS**

7. In 2002, Plaintiff opened a credit card account with Providian Financial Corporation, account no. XXXX-XXXX-XXXX-0584 (the "Account").

8. Upon information and belief, in 2007, Providian was merged with Washington Mutual Bank. As a result, the account number for the account was redesignated as XXXX-XXXX-XXXX-9286.

9. In 2008, WMB entered into an FDIC receivership. As a result, a majority of WMB's assets, including Plaintiff's credit account was purchased by Defendant.

10. In 2022, Plaintiff noticed some fraudulent charges on his account. Plaintiff notified Defendant, and as a result, Defendant cancelled the card and issued Plaintiff a new card. This new card was never received by Plaintiff, and it appears to have been stolen. After the cancellation of the card, Plaintiff received no further statements from Defendant.

11. On August 30, 2022, Defendant contacted Plaintiff and asked Plaintiff if he intended to add users to his card. At that time, Plaintiff informed Defendant that he did not authorize users on his card, and in fact had never received the card to which the Defendant representative referred. Plaintiff requested that Defendant cancel the card as the product of identity theft/fraud. Defendant agreed to do so and sent Plaintiff no more statements.

12. On December 15, 2023, Plaintiff first became aware that Defendant claimed that he was delinquent on payments on the account after receiving a credit report while applying for an auto loan. He contacted Defendant and disputed the charges. Defendant did not remove the charges or cease collection for the charges.

13. On January 16, 2024, Plaintiff contacted Defendant by telephone regarding the fraudulent charges relating to the Account. Plaintiff requested that

Defendant provide all information regarding the Account, including the telephone contact records. Defendant agreed to investigate the charges, however, it produced only a one-month statement showing fraudulent charges of $7,509.63.

14. Based on the statement provided by Defendant, a total of 111 fraudulent charges were made between October 10th, 2022 and October 20th 2022.

15. On January 24, 2024, Plaintiff filed a report with the Cape Coral Police Department regarding the stolen identity and fraudulent charges on the account.

16. On March 15, 2024, Plaintiff sent written notices to Defendant, Transunion Experian and Equifax again identifying that the references in his credit report concerning the Account were fraudulent.

17. Defendant failed to correct the credit reporting of the fraudulent charges and continued to demand payment for the fraudulent charges.

18. As a result of Defendant's failure to correct the reporting of the Account to the credit bureaus, and its continued collection on the Account, Plaintiff has suffered emotional distress, damage to his creditworthiness and other damages to be determined at trial.

**COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

19. Plaintiffs repeat and reallege paragraphs 1 through 18 of the complaint as if set forth fully herein.

20.     Pursuant to 15 U.S.C § 1681s-2(a)(1), furnishers of information to consumer reporting agencies are prohibited from:

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer agency if the person knows or has reasonable cause to believe that the information is inaccurate.
(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if
  (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
  (ii) the information is, in fact, inaccurate.

21.     Defendant has violated 15 U.S.C § 1681s-2(a)(1) by furnishing information to consumer reporting agencies that it knew, or had reasonable cause to believe, was inaccurate.

22.     Defendant in engaging in unlawful acts in violation of 15 U.S.C § 1681s-2(a)(1), acted intentionally, willfully, and with actual malice or with reckless disregard for the rights of Plaintiff.

23.     As a result of Defendant's violation of 15 U.S.C § 1681s-2(a)(1), Plaintiff suffered emotional distress, damage to his creditworthiness, and other damages to be determined at trial.

WHEREFORE, Pursuant to 15 U.S.C § 1681n and § 1681o, Plaintiff demands judgement against Defendant on Count I of the complaint for Plaintiff's actual damages, punitive damages, injunctive relief, and the costs of the action together with reasonable attorney's fees as the court deems just and appropriate.

## **COUNT II – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

24. Plaintiff repeats and realleges paragraphs 1 through 18 of the complaint as if set forth fully herein.

25. Pursuant to 15 U.S.C § 1681s-2(b), in general:

(1) After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
   (A) conduct an investigation with respect to the disputed information;
   (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];
   (C) report the results of the investigation to the consumer reporting agency;
   (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
   (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
      (i)   modify that item of information;
      (ii)  delete that item of information; or
      (iii) permanently block the reporting of that item of information.

26. Defendant has violated 15 U.S.C § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information.

27. Defendant in engaging in unlawful acts in violation of 15 U.S.C § 1681s-2(b) acted intentionally, willfully, and with actual malice or with reckless disregard for the rights of Plaintiff.

28. As a result of Defendant's violation of 15 U.S.C § 1681s-2(b), Plaintiff suffered emotional distress, damage to his creditworthiness, and other damages to be determined at trial.

WHEREFORE, Pursuant to 15 U.S.C § 1681n and § 1681o, Plaintiff demands judgement against Defendant on Count II of the complaint for Plaintiff's actual damages, injunctive relief, punitive damages, and the costs of the action together with reasonable attorney's fees as the court deems just and appropriate.

### COUNT III – VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS ACT

29. Plaintiff repeats and realleges paragraphs 1 through 18 of the complaint as if set forth fully herein.

30. Pursuant to Florida Statute § 559.72, in collecting debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

31. Defendant has engaged in an unlawful act by continuing to claim, attempt, or threaten to enforce Plaintiff's debt while knowing that the debt is not legitimate.

7

32. Defendant in engaging in unlawful acts in violation of Florida Statute § 559.72, acted intentionally, willfully, and with actual malice or reckless disregard for the rights of Plaintiff.

33. As a result of Defendant's unlawful acts, Plaintiff suffered emotional distress, damage to his creditworthiness, and other damages to be determined at trial.

WHEREFORE, Pursuant to Florida Statute § 559.77, Plaintiff demands judgement against Defendant on Count III for actual damages, injunctive relief, statutory damages of $1,000, together with court costs and reasonable attorney's fees incurred by Plaintiff as the court deems just and appropriate.

### Jury Trial Demand

Plaintiff demands trial by jury.

Respectfully submitted,

**MAHSHIE & DECOSTA, P.A.**
*Attorneys for Plaintiffs*
1560 Matthew Drive, Suite E
Fort Myers, FL 33907
Telephone:  (239) 931-7566
Facsimile:   (239) 931-7560
Primary:     eservice@md-lawfirm.com
                   chris@md-lawfirm.com
Secondary:  mariela@md-lawfirm.com

By:     */s/ Christopher DeCosta*
          Christopher DeCosta, Esq.
          Florida Bar No.: 271410